UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                  Case No.: 8:17-cr-489-VMC-JSS

PABLO WASHINGTON NEVAREZ-SANTANA

_____/

## ORDER

This cause comes before the Court pursuant to Defendant Pablo Washington Nevarez-Santana's pro se Motion for Compassionate Release (Doc. # 131), filed on November 12, 2021. The United States of America responded on December 29, 2021. (Doc. # 137). For the reasons set forth below, the Motion is denied.

## I.  Background

In May 2018, this Court sentenced Nevarez-Santana to 98 months' imprisonment after he pled guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Doc. # 98). Nevarez-Santana is 47 years old and his projected release date is September 5, 2024.[1]

_____

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

In the Motion, Nevarez-Santana seeks compassionate release from prison under Section 3582(c)(1)(A), as amended by the First Step Act, because he wishes to assist in the care of his wife, disabled adult daughter, and 14-year-old daughter, who all suffer from health problems. (Doc. # 131 at 1). Nevarez-Santana represents that "there is no one else available or capable of" caring for the two daughters due to his wife's health condition. (Id.). In addition, Nevarez-Santana points to his own medical conditions, which include asthma, Type-2 diabetes, obesity, hypertension, and cardiomyopathy, all of which, he claims, makes him more vulnerable to becoming seriously ill should he contract COVID-19. (Id. at 2-6). The United States has responded (Doc. # 137), and the Motion is now ripe for review.

## II.  Discussion

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Nevarez-Santana argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

2

defendant's facility, whichever is earlier, may
reduce the term of imprisonment . . . after
considering the factors set forth in section
3553(a) to the extent they are applicable, if it
finds that [ ] extraordinary and compelling reasons
warrant such a reduction . . . and that such a
reduction is consistent with the applicable policy
statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018

expands the criteria for compassionate release and gives

defendants the opportunity to appeal the [BOP's] denial of

compassionate release." United States v. Estrada Elias, No.

6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019)

(citation omitted). "However, it does not alter the

requirement that prisoners must first exhaust administrative

remedies before seeking judicial relief." Id.

The government argues that Nevarez-Santana has failed to

exhaust his administrative remedies. (Doc. # 137 at 3-4).

Despite Nevarez-Santana's representation in the Motion that

he submitted a request with the Warden of his facility to

file a compassionate release motion on his behalf, the

government submits evidence that he has not done so. (Doc. #

131 at 5; Doc. # 137-2). Exhaustion is a mandatory

prerequisite to a defendant filing a compassionate release

motion with the Court. See 18 U.S.C. § 3582(c)(1)(A) (stating

unambiguously that a defendant can bring a motion to court

only "after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). Even assuming that Nevarez-Santana has exhausted his administrative remedies, however, the Motion is denied because he has not demonstrated that his circumstances are extraordinary and compelling so as to warrant release.

The Sentencing Commission has set forth the following qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death or incapacitation of the caregiver of the defendant's minor children or the incapacitation of the defendant's spouse when the defendant would be the only available caregiver for the spouse. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021)("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence.").

4

Nevarez-Santana bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019)("Heromin bears the burden of establishing that compassionate release is warranted.").

First, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prisons' (BOP)] statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). And, as the United States points out, Nevarez-Santana has been vaccinated. (Doc. # 137 at 5); see United States v. Ellis, 3:16-CR-108-BJD-MCR, 2021 WL 2351737, at *2 (M.D. Fla. June 9, 2021) ("That Ellis has been fully inoculated against Covid-19 substantially diminishes his risk of serious illness.").

Further, Nevarez-Santana's medical conditions, including asthma, Type-2 diabetes, obesity, hypertension, and cardiomyopathy, do not qualify as extraordinary and compelling reasons for release. As an initial matter, a review of the medical files submitted by the government does not

support the assertion that Nevarez-Santana suffers from any of these ailments. (Doc. # 137-4 (filed under seal)). Indeed, the medical records note that Nevarez-Santana is "overall healthy." (Id.). Even assuming that Nevarez-Santana does suffer from these health issues, he has not presented convincing evidence that these conditions limit his ability to provide self-care in prison. See United States v. Barberee, No. 8:09-cr-266-VMC-AEP, 2021 WL 616049, at *2 (M.D. Fla. Feb. 17, 2021)("Barberee's medical conditions . . . do not merit compassionate release because Barberee has not established that these conditions 'substantially diminish [his] ability . . . to provide self-care within the environment of a correctional facility.'" (citation omitted)). Nor do these conditions constitute a terminal illness. Thus, Nevarez-Santana's medical conditions do not warrant release.

Turning to Nevarez-Santana's family circumstances, he has likewise failed to meet his burden of demonstrating "extraordinary and compelling reasons" warranting early release. Nevarez-Santana bears the burden of demonstrating his entitlement to relief, but he offers only bare assertions unsupported by any evidence. He has provided no supporting medical records, affidavits, or other evidence to support the

assertions regarding the medical challenges faced by his wife and children or supporting his assertions that his wife is the only available caregiver. Other courts around the country have required such evidentiary support before granting relief, and the Court finds this line of caselaw to be persuasive. See, e.g., United States v. Richardson, No. 5:18-CR-507-LFL, 2020 WL 2200853, at *2 (E.D.N.C. May 6, 2020) (declining to grant relief in the absence of "a robust evidentiary showing that the defendant is the only available caregiver"); see also United States v. Cruz-Rivera, No. CR 11-43, 2020 WL 5993352, at *7 (E.D. Pa. Oct. 9, 2020) (finding that the defendant had not carried his burden to show that his wife was incapacitated due to her breast cancer or diabetes, or that he would be the only available caregiver to their minor child if his wife were incapacitated); United States v. Hill, No. 5:18-CR-50022, 2020 WL 3037226, at *3 (W.D. Ark. June 5, 2020) (finding insufficient evidence that other caregivers were not available to care for inmate's ailing wife); United States v. Crandle, No. CR 10-35-SDD-RLB, 2020 WL 2188865, at *4 (M.D. La. May 6, 2020) (finding insufficient evidence demonstrating that inmate was only available caregiver, where inmate did not submit medical

records, letters, or affidavits supporting his claim). For this reason, Nevarez-Santana's Motion must be denied.

Finally, the 18 U.S.C. § 3553(a) factors do not support compassionate release. Section 3553(a) requires the imposition of a sentence that protects the public, reflects the seriousness of the crime, and promotes deterrence. Here, Nevarez-Santana committed a serious drug offense and has served only half of his term of incarceration. The Court finds that the need for deterrence and to reflect the seriousness of the crime weighs against Nevarez-Santana's release.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Pablo Washington Nevarez-Santana's Motion for Compassionate Release (Doc. # 131) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 7th day of January, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE